Sberbank of Russia v. Traisman

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand seventeen.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
PAUL A. CROTTY,[*]
*District Judge.*

-------------------------------------------------------------------------

Sberbank of Russia,

*Plaintiff–Counter-Defendant–Appellee,*

v.                                                                No. 16-1505

Yuri Traisman,

*Defendant–Counter-Claimant–Appellant.*

-------------------------------------------------------------------------

[*] Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     ELY GOLDIN, Fox Rothschild LLP, Blue Bell, PA.

FOR APPELLEE:     DANIEL A. RUBENS (Robert L. Sills, Igor Marguylan, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, NY; Alfred U. Pavlis, Finn Dixon & Herling LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED AND REMANDED in part.

Yuri Traisman appeals from a judgment of the District Court (Eginton, J.) granting summary judgment in favor of Sberbank of Russia. The case arises from Traisman's personal guaranty of three commercial loans issued by Sberbank to a Russian corporation associated with Traisman. The District Court ruled in favor of Sberbank on its claim to enforce the guaranties and dismissed Traisman's counterclaims, based mainly on the preclusive effect of a judgment obtained by Sberbank in a proceeding in Russia. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

Sitting in diversity and therefore applying Connecticut's choice of law rules, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941), the District Court

applied Russian preclusion law to rule in Sberbank's favor. We review the District Court's application of claim and issue preclusion de novo. Proctor v. LeClaire, 715 F.3d 402, 411 (2d Cir. 2013).

Our review of the applicable provisions of the Russian Code of Civil Procedure and the unrebutted expert report submitted by Traisman persuades us that the District Court was correct as to issue preclusion but incorrect as to claim preclusion. The issue of forgery that Traisman raised as a counterclaim in the Russian litigation was fully litigated and decided on the merits. Our reading of Article 61 of the Russian Code of Civil Procedure is that it bars the re-litigation of that issue in subsequent lawsuits. But based on the plain text of Article 134 of the Russian Code of Civil Procedure and Traisman's expert report, we conclude that Russian claim preclusion rules permit subsequent litigation of claims not actually asserted in the prior proceeding. Here, the parties agree that Traisman did not assert any of his counterclaims or non-forgery affirmative defenses in the Russian litigation. The District Court therefore should not have granted summary judgment to Sberbank on preclusion grounds as to those new claims and defenses.[1]

---

[1] Notwithstanding the erroneous preclusion ruling, however, on appeal Traisman has abandoned his fifth counterclaim for ultra vires execution of the underlying loans, his sixth counterclaim for abuse of process, and the seven

3

Finally, the District Court's grant of a prejudgment remedy pursuant to Connecticut law was proper because Sberbank sought a prejudgment remedy in an independent Connecticut action to enforce the guaranties rather than bringing "a prospective action in Connecticut . . . to enforce a foreign judgment." Travelers Cas. & Sur. Co. of Am. v. Caridi, 73 A.3d 863, 871 (Conn. App. Ct. 2013) (quotation marks omitted).

Accordingly, we affirm the District Court's judgment as to Traisman's two abandoned counterclaims and its grant of a prejudgment remedy, but we vacate the judgment and remand for further proceedings as to Sberbank's claim and Traisman's four remaining counterclaims. We need not address Traisman's appeal of the award of prejudgment interest.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the matter is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

affirmative defenses that the District Court dismissed on the merits.

4